[No. 3,188.]

# F. M. SLAUGHTER v. F. M. FOWLER AND E. H. GATES.

PRIOR POSSESSION OF LAND.—One who owns three hundred and twenty acres of land is not precluded thereby from acquiring and holding the actual possession of other land, and retaining the same by reason of his prior possession, as against one who enters without title.

ERRONEOUS INSTRUCTIONS TO JURY.—If the Court instructs the jury upon an abstract proposition not before them, and there is anything in the instruction calculated to mislead, a new trial will be granted.

EVIDENCE IN EJECTMENT.—A certificate of the United States Register of Lands that the plaintiff, as the agent of the State, has located land at his office in part satisfaction of lands granted to the State, is not admissible in evidence of the locator's right to recover in ejectment.

RECOVERY IN EJECTMENT.—One who sues in ejectment to recover land on the ground of prior possession, and shows an actual possession by inclosure of a portion only of the demanded premises, is entitled to recover such portion.

APPEAL from the District Court of the Seventeenth Judicial District, County of San Diego.

Ejectment to recover the northwest quarter of section six, township three south, range seven west, of San Bernardino base and meridian. The plaintiff averred in his complaint that the land was formerly in the possession of Raymundo Yorba. On the trial the plaintiff offered in evidence a certified copy, from the County Recorder's office, of a certificate of the United States Register, stating that Yorba had, August 17th, 1859, as the authorized agent of the State, located at the Register's office the demanded premises, with another quarter section, in part satisfaction of the grant made by the eighth section of the Act of Congress approved September 4th, 1841, entitled "An Act to appropriate the public lands and to grant preëmption rights." The defendant objected to the same because it was not an instrument entitled to record, and because the certificate showed that the land was located for the State and not for Yorba. The Court sustained the objection. The defendants recovered judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*John W. Satterwhite* and *Glassel, Chapman & Smith,* for Appellant.

The plaintiff's grantor, Raymundo Yorba, held the actual, exclusive, adverse possession of the premises in controversy (or to take the most unfavorable view, at least, of that portion of it included within the fences) for fifteen years before the entry of Parker, the defendants' grantor. Such a possession was sufficient, not only to maintain ejectment against mere trespassers (*Naglee* v. *Macy,* 9 Cal. 426; *Richardson* v. *McNulty,* 24 id. 339; *Hubbard* v. *Barry,* 21 id. 321; *Harris* v. *McGregor,* 29 id. 129), but even against the true owner, if other than the United States or its grantee. (*Arrington* v.

*Liscomb,* 34 Cal. 370 ; *Grattan* v. *Wiggins,* and auth. cited, 26 Cal. 36; 1 Phil. Ev. 455, 3 id. 485).

The defendants neither alleged nor proved any connection with the United States. (*Page* v. *Hobbes,* 27 Cal. 483.) In fact they alleged and proved the contrary—a joint preëmption not being authorized by the Preëmption Act. (Preëmption Act, Secs. 110, 111, 112; Circular to Registers and Receivers, Sept. 15th, 1841; Instructions, Sept. 28th, 1842; Lester's Land Laws, 390, 363, 369; Zabriskie, 34, 52.)

The instruction given by the Court was not only erroneous, but also was not adapted to the issues, nor to the case made by the plaintiff (*Fowler* v. *Smith,* 2 Cal. 39; *Benham* v. *Rowe,* id. 408; *Thompson* v. *See,* 8 Cal. 275; *Pico* v. *Hurley,* 8 Cal. 390; *Tompkins* v. *Mahoney,* 32 Cal. 231), and was peculiarly calculated to mislead the jury. Taken in connection with the evidence, it implied that the plaintiff's case depended upon Yorba's capacity to preëmpt, and therefore upon Yorba's not having had three hundred and twenty acres at the time of his entry.

The Court erred in striking out the certificate of location of the school land warrant. It was clearly admissible. Under the laws of the State and the Act of Congress to quiet land titles in California, passed July 23d, 1866, the location was valid. (2 Lester's Land Laws, 180, Sec. 1, et seq., Act of May 3d, 1852; Hitt. 3971, et seq., Act of April 23d, 1858, Sec. 12; Hitt. 4007, note.) This section excepts from the operation of the Act warrants already issued, leaving them to be governed by the Act of 1852. Also makes entries then made in the Recorder's office as valid as if entered in the office of the County Clerk. See also, *Watson* v. *Robey,* 9 Cal. 52, to effect that no record was necessary as to parties having actual notice; also, *Van Valkenburgh* v. *McCloud,* 21 Cal. 335. It therefore secured "to the purchaser the right of possession to the land." (Act of 1852, Sec. 5, Hitt., Art. 3975.)

*H. C. Rolfe* and *F. E. Spencer*, for Respondents.

The most that can be said is, that the evidence on the point of Yorba's prior possession was conflicting, and the jury have resolved the doubt in favor of defendants, where this Court will let it rest. (*Cook* v. *Forsyth*, 30 Cal. 662; *McNeil* v. *Shirley*, 33 Cal. 202.) But, conceding for the sake of argument that there is no conflict in the evidence as to the character of the possession, it was not inclosed by a substantial fence, such as a prudent farmer would erect to protect his crops, or other equivalent acts of actual dominion sufficient to maintain ejectment. (*Polack* v. *McGrath*, 32 Cal. 15.)

No effort was made to show that plaintiff, or even his grantor, claimed a constructive possession under the Possessory Act of this State; and even if they had, they affirmatively showed a non-compliance with its provision. (*Gird* v. *Ray*, 17 Cal. 352.)

It is admitted as a fact in this case that the premises in question are public lands of the United States; therefore the transactions between Yorba and his grantee, the plaintiff, could not confer on the latter any actual or constructive possession beyond the actual inclosure of Yorba as it existed at the time of the sale, which was wholly on the adjoining township west of the road, and particularly when, at the time of sale, it was in the adverse possession of defendants' grantor. (*Wolfskill* v. *Malajowich*, 39 Cal. 280.)


By the Court, BELCHER, J.:

The Court instructed the jury as follows: "A party who at the time of his entry upon public lands was the owner of three hundred and twenty acres of land in any State or Territory of the United States, could not preëmpt public land."

The plaintiff excepted to the giving of this instruction, and now assigns the giving of it as error.

As disclosed in the record, there was nothing whatever in the case in regard to the right of either party to preëmpt under the laws of the United States. The plaintiff rested his right to recover wholly upon the ground of the prior actual possession of Yorba, his grantor, and upon certain proceedings taken to purchase the land of the State of California. The Court properly excluded the paper, offered to show a selection of the land by the State, and thus left in the case only the question of prior possession. Upon that question testimony was introduced by both parties; the plaintiff's testimony tended to prove that for about fifteen years prior to the entry of the defendants' grantors Yorba had held the actual possession of a portion of the demanded premises, and that his possession was evidenced by substantial inclosure and annual cultivation; that he had used the land outside of his inclosure for pasturing stock, and had certain improvements thereon, such as irrigating ditches, hog pen, etc.

The defendants' testimony tended to prove that Yorba's pretended inclosure was only of about twenty acres; that his fence was insufficient to turn stock, and that the larger part of it was wholly gone prior to the entry of their grantors in December, 1866.

It also appeared that during the time Yorba was claimed to have had possession of the land in controversy he became the owner of more than three hundred and twenty acres of land which he still held, though, according to his testimony, he had transferred the title to his wife.

It is insisted by counsel that in view of the testimony the jury ought to have found for the plaintiff, and that the instruction was calculated to confuse and mislead them.

We think it clear, if the jury had found for the plaintiff for at least so much of the demanded premises as had been

Points decided.

·inclosed and cultivated, the verdict would not have been set aside, on the ground that it was unsupported by the evidence. (*Polack* v. *McGrath*, 32 Cal. 15.)

We are also of the opinion that the jury may have been misled by the instruction. They had a right to suppose that no instruction would be asked and given upon abstract questions having no relation to the case. Moreover the word "preëmpt" is sometimes used to express the acquisition of the title or possession of public lands by other methods than by purchase from the United States. In this case one of the briefs speaks of the book in which possessory claims taken under the Act of April 20th, 1852, are recorded as the "Preemption Book."

But if the Court meant to tell the jury that one who owned three hundred and twenty acres of land could not, for that reason, acquire and hold the actual possession of other land, then the instruction was manifestly erroneous.

On the whole we think the judgment should be reversed and the case remanded; and it is so ordered.